Dawn McCraw, OR #192645
E: dmccraw@consumerattorneys.com
**CONSUMER ATTORNEYS**
8245 N 85th Way
Scottsdale, AZ 85258
T: 602.807.1527
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOHN DOE, | Case No.: 6:23-cv-00838 |
| Plaintiff, | **PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN PSEUDONYM OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER** |
| vs. | |
| ONE SOURCE TECHNOLOGY, LLC d/b/a ASURINT, | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 26(c)(1), Plaintiff John Doe hereby submits his Motion and Memorandum for leave to proceed under pseudonym in order to protect the identity of the Plaintiff where there is no less drastic means available to do so. In the alternative, Plaintiff respectfully moves the Court for entry of a protective order which would require that any reference to his true identity or identifying information be filed under seal. For the reasons below Plaintiff requests that the Court grant the relief requested in this Motion. Pursuant to Local Rule 7-1 Plaintiff states that Plaintiff has not yet conferred with Defendant as Defendant has not yet appeared in this matter. This motion shall be served with the Summons and Complaint.

MOTION FOR LEAVE TO
PROCEED UNDER PSEUDONYM                1

## BACKGROUND

The very nature of the case elucidates the reason that the Plaintiff is entitled to protection and should be permitted to proceed pseudonymously. Plaintiff's claims are brought under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681, *et seq.*, arising out of the sale of an inaccurate employment background report by Defendant One Source Technology, LLC d/b/a Asurint ("Asurint" or "Defendant") published to Plaintiff's potential employer, which falsely portrayed the Plaintiff's criminal record. Specifically, Defendant reported an expunged felony criminal record that should not have been reported (Complaint ¶ 56). After reviewing the consumer report from Defendant, Plaintiff's job offer was revoked (Complaint ¶ 57). Currently, such a felony criminal record is not in existence because it has been expunged and, as a result, Plaintiff has no criminal record.

## ARGUMENT

This case is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, which protects consumers from exposure of private or inaccurate facts. The FRCA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the **confidentiality, accuracy, relevancy, and proper utilization of such information** in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis supplied).

The FCRA itself provides that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). To protect consumers as fully as possible from unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of

compensatory damages and punitive damages and attorney-fee-shifting provisions.

Specifically, Plaintiff's complaint arises out of employment background checks published by Defendant to Plaintiff's prospective employer. The employment background checks inaccurately displayed an expunged criminal record. Plaintiff's only charge was expunged under Indiana law several years prior. Under Indiana Code § 35-38-9 when a record is expunged it is removed from public records; the primary relief granted by this statute is in fact the privacy granted to Plaintiff.[1] Fundamental to Plaintiff's lawsuit is the allegation that Defendant could not possibly have obtained information leading to this inaccurate reporting because **no such information exists on the public record**. Plaintiff's criminal record was expunged pursuant to the normal and thus does not currently have a felony record.

Federal courts in the Ninth Circuit allow plaintiffs to proceed pseudonymously under certain circumstances. *See e.g. Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations omitted). The use of a pseudonym is appropriate when it is "necessary . . . to protect a person from harassment, injury, ridicule, or personal embarrassment." *Id.* at 1068 (internal citations omitted). Courts must balance "the party's need for anonymity" with the "prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. The Ninth Circuit provides five factors to consider: (1) "the severity of the threatened harm", (2) "the reasonableness of the anonymous party's fears", (3) "the anonymous party's vulnerability to such retaliation", (4) "the prejudice to the opposing party", and (5) "the public interest." *Id.* (internal quotation marks omitted) (internal citations omitted).

Applying the relevant *Does I thru XXIII v. Advanced Textile Corp,* factors to this case leads to the conclusion that the public interest in favor of open judicial proceedings is far outweighed by

---

[1] The felony criminal record was expunged in the state of Indiana.

Plaintiff's interest in keeping his identity private to protect himself from further economic and reputational harm.

The public interest in knowing the identity of the Plaintiff does not extend beyond the basic public interest in keeping legal proceedings transparent, in general. There is nothing about the Plaintiff's identity or status which elevates the public interest in this case. Absent anonymity, in order to pursue his FCRA claim and be made whole thereunder, Plaintiff would disclose matters of sensitive and highly personal nature and of the utmost intimacy, creating a public record wherein uninterested parties would have access to a criminal record that has been expunged and wiped from public consciousness by operation of Indiana law. Unless permitted to proceed under a pseudonym, Plaintiff's action would be the equivalent of attaching a bullhorn to Defendant's falsities that were heretofore in limited, though injurious, circulation.

An order denying permission to proceed under pseudonym in this case would have a chilling effect on any consumer's ability to vindicate his rights where criminal records are improperly reported. Stated another way, without leave to proceed under pseudonym, Plaintiff will be forced to choose between (1) maintaining the clear judicial record wherein no publicly available information links him to the felony, or (2) prosecuting the statutory protections provided by the FCRA. The Plaintiff therefore asserts that his interest in preserving privacy in a matter of sensitive and highly personal nature and of the utmost intimacy is more than sufficient to outweigh the generic public interest in available information.

Furthermore, Defendant will be able to fully and fairly litigate against the Plaintiff without publicly revealing his identity. Here, Plaintiff does not seek to prevent Defendant from knowing his identity, but rather, seek only to shield his identity from the public. Plaintiff will provide Defendant with the relevant information to allow Defendant to identify Plaintiff from their records

so they will have the information they need to defend themselves in this litigation. On the other hand, the harm to the Plaintiff in having his identity revealed is certain and severe. Simply put, he would be creating a public record linking him to felony convictions, where no such record should exist, and where no such record does exist (which fact undergirds the entirety of this lawsuit), which will negatively impact future housing and employment opportunities. Therefore, Plaintiff asserts that because his action required disclosure of information that would lead to a reasonable fear of substantial harm from that he has overcome the "public interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068.

## CONCLUSION

Given the highly sensitive nature of their allegations, public interest, and lack of prejudice to Defendant, compelling reasons exist for allowing him to proceed under pseudonym. For the foregoing reasons, Plaintiff seeks an order protecting his privacy and confidentiality throughout the proceedings and to avoid disclosure of his identity so as to avoid making his expunged record public. Specifically, Plaintiff asks this Court to permit him to proceed in this Court under pseudonym. In the alternative, Plaintiff requests this Court enter a protective order which would require that any reference to his true identity or identifying information be filed under seal.

Dated: June 9, 2023  
                                                  */s/ Dawn McCraw*  
Dawn McCraw, OR #192645  
**CONSUMER ATTORNEYS**  
8245 N 85th Way  
Scottsdale, AZ 85258  
T: 602.807.1527  
F: (718) 715-1750  
E: dmccraw@consumerattorneys.com  
Attorney for Plaintiff